IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 30, 2010


**STATE OF TENNESSEE v. MATTHEW I. TART**

**Appeal from the Circuit Court for Sullivan County**
**Nos. S56438 and S56439      Robert H. Montgomery, Jr., Judge**

_____

**No. E2009-01315-CCA-R3-CD - Filed April 21, 2010**

_____


D. KELLY THOMAS, JR., J., concurring.


I join in the results reached by the majority. I write separately to note that the sentence imposed by the trial court does not comport with the sentencing guidelines and to further analyze a difference between Tennessee Code Annotated sections 40-35-306 and 40-35-501.

Our sentencing guidelines are promulgated to "assure fair and consistent treatment of all defendants by eliminating unjustified disparity in sentencing and providing a fair sense of predictability of the criminal law and its sanctions." Tenn. Code Ann. § 40-35-102(2). Ultimately, in sentencing a defendant, a trial court should impose a sentence that is "no greater than that deserved for the offense committed" and is "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(2), (4). After pleading guilty, the Defendant was sentenced as a Range I offender to one-and-one half years for each of his three convictions, to be served consecutively. The trial court then required the Defendant to serve one year of each conviction in confinement followed by six months of probation for each conviction; therefore, the Defendant is effectively serving three sentences "one at a time in [a] series." Charles Wayne Rooker v. Donal Campbell, No. M1999-01657-COA-R3-CV, 2003 WL 724485, at *3 (Tenn. Ct. App. March 4, 2003); see also Christopher A. Johnson v. State, No. E2002-01208-CCA-R3-PC, 2003 WL 21145504, at *2 (Tenn. Crim. App. May 16, 2003), perm. app. denied (Tenn. Oct. 6, 2003). Based upon the record before us, this sentence does not comport with the principles of sentencing when the Defendant was charged with violating the motor vehicle habitual offender law, speeding, and leaving the scene of an accident.

Regardless of the validity of the sentence in conjunction with the purpose of the

sentencing guidelines, the majority believes that a sentence of three years in confinement runs afoul of Tennessee Code Annotated section 40-35-306. The statute states that a defendant "may be required to serve a portion of the sentence in continuous confinement" and that the portion of the sentence served in confinement may not exceed one year. Tenn. Code Ann. § 40-35-306(a).

I acknowledge that Tennessee Code Annotated section 40-35-501(a)(3) treats consecutive sentences as one sentencing term, thereby removing the consecutive sentence term from the provision requiring mandatory release from confinement upon reaching the release eligibility date. Indeed, the statute states, "The release shall not occur for sentences of two (2) years or less when the sentences are part of a consecutive sentence whose term is greater than two (2) years." Tenn. Code Ann. § 40-35-501(a)(3). Id. (emphasis added). Thus, the legislature has declared that the release of an inmate with a sentence term exceeding two years should be decided by the Board of Probation and Parole. If section 40-35-306 is read in conjunction with section 40-35-501, then it would appear that the majority's analysis is correct. However, if section 40-35-306 is read independently of section 40-35-501, then section 40-35-306 would apply to each individual sentence, thereby exposing defendants to an unlimited series of year-long jail sentences. I believe that such an application of section 40-35-306 would violate the principles of our sentencing act in this case and in general would damage the "fair sense of predictability of the criminal law and its sanctions."

D. KELLY THOMAS, JR., JUDGE

2